IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie James Edwards, Jr., ) | Civil Action No.: 8:14-cv-02333-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Connie Reichard, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |
| ) | |

Plaintiff brought this action pro se, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On July 1, 2014, the Court issued an Order directing Plaintiff to bring the case into proper form and advising Plaintiff of his duty to keep the Court informed of his current address. [Doc. 8.] On August 4, 2014, the Court authorized service of process upon Defendant Connie Reichard ("Defendant") only. [Doc. 21.] Defendant filed a motion to dismiss for failure to prosecute and/or for summary judgment on October 20, 2014. [Doc. 40.] In the motion, Defendant argues the case should be dismissed for failure to prosecute and/or to comply with the Court's Order to keep the Clerk advised in writing of any changes in address because mailings to Plaintiff at his address on record with the Court have been returned as undeliverable. [Doc. 40-2 at 2.] On October 21, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to Defendant's motion. [Doc. 41.] On November 10, 2014, the *Roseboro* Order was returned to the Court as undeliverable, marked "Return to Sender/Not Deliverable As

---

[1] Defendant Georgetown County Detention Center Medical was dismissed from the action on September 19, 2014. [Doc. 32.]

Addressed/ Unable to Forward." [Doc. 43.] As of the date of this Order, Plaintiff has failed to advise the Court of any change in his address.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances

of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 8 at 3.] Despite this explanation, Plaintiff has elected not to update his address and, as a result, has not received any filings in this case since at least September. [Doc. 35-1 (mail returned as undeliverable to Defendant on September 20, 2014), Doc. 38 (mail returned as undeliverable on October 5, 2014); Doc. 43 (mail returned as undeliverable on November 7, 2014).] Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss for lack of prosecution be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

December 22, 2014
Greenville, South Carolina